In the Matter of the Application of JOSEPH MAKAMES, Petitioner, for an Order to Determine an Alleged Attorney's Lien Claimed by RUSSEL S. JOHNSON and Another, Respondents.*

Supreme Court, Oneida County, November 29, 1932.

* Revd., 238 App, Div. 534.

*Foley & Guile,* for the motion.

*Russel S. & Smith Johnson,* opposed.

SMITH, EDWARD N., J. The title of this application does not fully set forth the real purpose thereof, which is to get possession of certain fire insurance policies and related papers which are necessary for the petitioner to have in the trial of actions brought by him to recover upon these fire insurance policies.

It appears that in 1929 the property of the petitioner was destroyed by fire; this property was insured in several fire insurance companies, and the respondents, attorneys and counselors at law, were retained by the petitioner to collect upon these insurance policies; the respondents performed considerable legal services in and about the premises, and incurred expenses stated to be the sum of $50; the petitioner was arrested; the respondents acted for him in the matter of the arrest; he had claims of many creditors who were insistent upon the payment of their obligations; the respondents filed proofs of loss, in accordance with the requirements of the insurance policies, and attended an examination of the petitioner by a representative of the insurance companies; no actions were brought by the respondents under these policies; the petitioner dispensed with the services of the respondents, and retained Messrs. Foley & Guile, attorneys and counselors at law, to prosecute his claims under the several insurance policies; actions have been brought to recover thereon, and the cases, five in number, are upon the Oneida county calendar of causes for October, 1932, being Nos. 2, 3, 4, 5 and 6 thereon. The respondents have, upon request of the petitioner, refused to deliver over to him the insurance policies, proofs of loss, and any other papers in their possession related to the fire loss, on the ground that they have a lien thereon for services rendered and disbursements incurred, to the extent of $600. Without the possession of these papers the petitioner cannot safely proceed to trial of the several actions which have been brought. The date of issue of these

actions is June 30, 1930, and they have been upon the Oneida county calendar since October, 1930.

The essence of this motion is the right to the possession of these papers. The continued possession of them by the respondents amounts to an enforced delay on the part of the petitioner in the collection of any sums that may be due him from the insurance companies on account of his fire loss. The respondents are ready to make delivery of the papers upon payment to them for the services rendered by them to the petitioner. The petitioner refuses to make such payment on the ground that the charge is excessive, and that, whatever might be a reasonable charge for the services rendered, the only source from which he can pay is from the amount of any recovery upon these policies.

There is no question that the respondents have a general lien upon all property and documents and papers of the petitioner which he delivered into their possession or which have come into their possession by reason of his retainer of them; the right to this lien is not here disputed; there is a dispute, however, as to the amount of it. There is also the other factor, the inability of the petitioner to pay whatever the reasonable value of these services may be as a condition precedent to the delivery of the papers.

There are two classes of attorneys' liens: (1) A retaining or general lien, which applies to property or papers turned over by a client to an attorney, whereby the attorney gets a lien thereupon for the services rendered; (2) the other is known as a " charging lien," and applies, not to papers, but to any judgment recovered in an action, and has been generally denominated a lien upon the cause of action; this is not a lien which affords security for general services rendered, but only for such services as may be rendered in a particular action. Both of these liens existed at common law. The charging lien has now received the sanction of statutory provision. (Judiciary Law, § 475.)

The respondents brought no action upon these insurance policies, and it is evident that there is no charging lien here involved; but the general lien remains as it was at common law, unaffected by section 475 of the Judiciary Law.

Unquestionably, a client may at any time dispense with the services of his attorney and employ another attorney; but he cannot get possession of property or papers belonging to him which, through him, came into his attorney's possession, until he shall have satisfied the attorney's lien thereon for the reasonable value of services rendered. While the underlying principles are well known, they are restated and analyzed in the following comparatively recent decisions of our Court of Appeals: *Matter of Heinsheimer* (214 N. Y. 361); *Robinson* v. *Rogers* (237 id. 467).

So far as the amount of the respondents' lien is concerned, this may be arbitrarily fixed by the court; but, in order to do so at this time, it would be necessary to take evidence, directly or through a referee, to the end that there might be a just determination. Unless insisted upon by either or both of the parties, I do not think that such a course of procedure is essential at this time. It is apparent that the respondents will recover nothing for their services rendered so long as the petitioner is without resources with which to pay. On the other hand, apparently the only source of money which the petitioner has is a recovery in the actions already brought by Messrs. Foley & Guile.

The circumstances here are rather peculiar. As appears by the affidavits submitted, the services rendered were all related, directly or indirectly, to the burning of petitioner's property, and were in part at least necessary to lay a foundation for the actions now brought. It would be futile, and destructive of the best interests of the parties, to make the payment for the services rendered a condition precedent to the delivery of the papers the possession of which is sought herein; on account of the inability of the petitioner to pay any considerable amount, the result would be to leave the papers where they are, and the petitioner would be unable to prosecute the several actions he has brought to recover upon the fire insurance policies.

The papers sought have no intrinsic value; they are only valuable as essential evidence in the actions brought. To suffer the withholding of these papers would amount to an interference with the court in the administration of justice; it would be tantamount to a denial of right of trial. This cannot be tolerated.

I think, however, the problem can be solved in a manner which will protect all interests. The papers sought should be delivered by the respondents to the petitioner or his attorneys, upon the following conditions, however: (1) That the actual disbursements made by respondents on behalf of the petitioner, in an amount not exceeding fifty dollars, be paid in cash; (2) that it be recognized that the respondents have a first and prior lien upon the amount of money recovered by the petitioner in said actions, either as the result of judgments therein or settlements thereof; that this right be recognized by the petitioner, by his counsel, and by any person to whom these rights may have been transferred, either in an individual or a trust capacity; (3) in case the parties hereto cannot agree upon the value of respondents' services, these will be fixed, either before or after any recovery in said action, by the court, upon two days' notice by one party to the other.

Ordered accordingly.